THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL A. BACON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHALS SERV. et al.,<br><br>    Defendants. | **MEMORANDUM DECISION &<br>RENEWED ORDER TO CURE<br>DEFICIENT AMENDED COMPLAINT**<br><br>Case No. 2:21-CV-633-DBB<br><br>District Judge David Barlow |

  On March 9, 2022, the Court issued an order setting forth the deficiencies in Plaintiff's Amended Complaint and requiring him to file a second amended complaint curing those deficiencies. (ECF Nos. 21, 31.) Since then, Plaintiff has filed three objections to that order and four motions for appointed counsel. (ECF Nos. 33–36, 40, 43, 45.)

  Plaintiff's objections center largely on arguments about a closed case in this court: *May v. Utah Department of Corrections*, No. 2:18-CV-854-RJS-CMR (D. Utah closed Feb. 1, 2021). *May* was brought by four Utah Department of Corrections (UDOC) inmates, represented by counsel. *Id.* at ECF No. 2. Seeking prospective relief and damages for past harm in a class action, the inmates contended the UDOC defendants did not properly treat their Hepatitis C infections. *Id.* at ECF No. 38. Shortly after the defendants answered the complaint, notice of settlement was filed. *Id.* at ECF Nos. 40, 51. Upon the court's approval of the settlement, *May* was closed. *Id.* at ECF Nos. 64, 66.

  Plaintiff essentially contends that, because he based his Amended Complaint on the complaint in *May,* and the *May* complaint was successful--i.e., resulted in a settlement for the

inmate plaintiffs--his Amended Complaint must be sufficient, so this Court was wrong to require him to file a second amended complaint. (ECF Nos. 21, 31, 33, 36, 45.) However, after thoroughly reviewing Plaintiff's objections and the Order (specifying deficiencies, requiring a second amended complaint, and giving guidance on drafting a sufficient second amended complaint), the Court stands by its Order. (*Id.*)

In doing so, the Court brings to Plaintiff's attention the fact that *May*'s procedural history described above led neither to litigation that tested the way the allegations and causes of action were framed in the complaint, nor a court order that assessed the complaint's allegations and causes of action. Thus, that complaint never received a substantive analysis that would help Plaintiff better understand its utility in another lawsuit. This helps explain why Plaintiff's attempt to mirror the *May* complaint in his Amended Complaint here resulted in a deficient complaint. (ECF Nos. 21, 31.) Still, when drafting his second amended complaint, Plaintiff is welcome to draw any useful information and language from the *May* complaint. But he must also correct the specified deficiencies and apply the Court's guidance. (ECF No. 31.)

Having thus denied Plaintiff's objections, the Court renews its earlier Order requiring Plaintiff to file a second amended complaint curing his Amended Complaint's deficiencies. (ECF Nos. 21, 31.) To help Plaintiff meet that requirement, the Court repeats its prior list of deficiencies and guidance.

## AMENDED COMPLAINT'S DEFICIENCIES (REPEATED)

The Amended Complaint:

**(a)** is not on the form complaint required by Court.

**(b)** names many defendants only in the text, not in the Amended Complaint's heading.

**(c)** improperly names Cache County Jail and Salt Lake County Jail as § 1983 defendants, when they are not independent legal entities that can sue or be sued. *See Smith v. Lawton Corr. Facility*, No. CIV-18-110-C, 2018 U.S. Dist. LEXIS 45488, at *5 (W.D. Okla. Mar. 7, 2018) (stating correctional facilities "not suable entities in a § 1983 action").

**(d)** improperly names Federal Bureau of Prisons (BOP) as a *Bivens* defendant. *See Barrow v. Doe*, No. 14-CV-2464-BNB, 2014 U.S. Dist. LEXIS 130250, at *1 (D. Colo. Sept. 17, 2014) ("[Plaintiff] may not sue the BOP, its medical staff, or its administration in a *Bivens* action. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989).").

**(e)** improperly asserts as UDOC defendants "all defendants listed in case no. 2:18-CV-854-RJS under same standards," (ECF No. 21, at 4), when Plaintiff must himself set forth each defendant separately, and--independent of any other case--affirmatively link each defendant to individual causes of action.

**(f)** names federal defendants in Victorville, California, and possibly in other states, when venue for these defendants and any of their alleged federal constitutional violations appears improper here. *See* 28 U.S.C.S. § 1391 (2022) ("A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .").

**(g)** needs clarification regarding the difference between the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). *See Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1312-13 (10th Cir. 2021) (stating claims are typically evaluated identically under ADA and RA except for different causation standards between them--i.e., ADA "prohibits discriminating against qualified individuals 'by reason of such disability,' 42 U.S.C.S. § 12132 (2022)," while RA "prohibits discriminating against qualified individuals 'solely by reason of [their] disability,' 29 *id.* § 794(a)").

**(h)** appears to inappropriately seek injunctive relief from defendants at past facilities where he has been held, while Plaintiff is now incarcerated elsewhere, which would presumably render requests for injunctive relief from any defendants at past facilities moot. *See Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011) (explaining inmate's official-capacity claim for injunctive relief against prison official mooted when inmate transferred to different facility).

**(i)** needs clarification regarding what constitutes cause of action under ADA. (See below.)

**(j)** does not adequately affirmatively link defendants to civil-rights violations. (See below.)

**(k)** needs clarification on adequately stating claim of inadequate medical treatment. (See below.)

**(l)** brings invalid official-capacity claims. (See below.)

**(m)** needs clarification on constitutional standards for pretrial detainees. (See below.)

**(n)** possibly inappropriately alleges civil-rights violations on respondeat-superior theory--i.e., supervisor liability. (See below.)

**(o)** needs clarification on the standing doctrine. (See below.)

**(p)** needs clarification on unnecessary-rigor claim under the Utah Constitution. (See below.)

**(q)** needs clarification on stating how Defendants' policies and practices violate the Constitution. (See below.)

## REPEATED GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Again, Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or any other document outside the complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original); *McKnight v. Douglas Cty. Corr. Facility*, No. 21-3030-SAC, 2021 U.S. Dist. LEXIS 118659, at *7 n.1 (D. Kan. June 25, 2021) ("An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the original complaint.").

The amended complaint may also not be added to by any other document after it is filed without moving for further amendment.[1] Instead, all claims and information must be included in an amended complaint, if one is filed. No material outside the complaint will be treated as additional claims or defendants.

---

[1] The rule on amending a pleading reads:
    (a) Amendments Before Trial.
        (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
            (A) 21 days after serving it, or
            (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
        (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. P. 15.

(2) The complaint must (a) "name every defendant in the caption of the amended complaint," *McKnight*, 2021 U.S. Dist. LEXIS 118659, at *7 n.1 (citing Fed. R. Civ. P. 10 ("The title of the complaint must name all the parties . . . .")), and (b) clearly state in the body of the complaint what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as closely as possible, specific locations, circumstances, and dates of alleged constitutional violations. *McKnight*, 2021 U.S. Dist. LEXIS 118659, at *7 n.1.

(3) Each cause of action, with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the 'who,' 'what,' 'where,' 'when,' and 'why' of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Presented with such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(4) Grievance denial alone, unconnected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(5) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2022). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

- **ADA**

Plaintiff should also consider this information in amending his complaint:

> To state a failure-to-accommodate claim under [ADA], [Plaintiff] must show: (1) he is a qualified individual with a disability; (2) he was "either excluded from participation in or denied the benefits of some public entity's services, programs, or activities"; (3) such exclusion or denial was by reason of his disability; and (4) [the defendant] knew he was disabled and required an accommodation.

*Ingram v. Clements*, 705 F. App'x 721, 725 (10th Cir. 2017) (quoting *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295, 1299 (10th Cir. 2016)).

Further,

> "Courts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *J.V.*, 813 F.3d at 1295. "The ADA requires more than physical access to public entities: it requires public entities to provide '*meaningful* access' to their programs and services." *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1195 (10th Cir. 2007). To effectuate this mandate, "the regulations require public entities to 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.'" *Id.* (quoting 28 C.F.R. § 35.130(b)(7)).

*Villa v. Dep't of Corrs.*, 664 Fed. App'x 731, 734 (10th Cir. 2016).

Finally, Plaintiff may not sue any defendant in an individual capacity under ADA. *Watson v. Utah Highway Patrol*, No. 4:18-CV-57-DN-PK, 2019 U.S. Dist. LEXIS 234094, at *6 (D. Utah 2019).

> "Only public entities are subject to Title II." *City and Cty. of San Francisco v. Sheehan*, 575 U.S. 600, 135 S.Ct. 1765, 1774, 191 L. Ed. 2d 856 (2015). The Tenth Circuit has held "that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." *Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir. 1999). *See also, Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("We hold that the [ADA] does not provide for individual liability, only for employer liability."); *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) ("[T]here is no individual capacity liability under Title II of the ADA.").

*Watson*, 2019 U.S. Dist. LEXIS, at *6–7.

### • **Affirmative Link – Personal Participation**

Regarding naming defendants and linking each of them to the specific behavior that constitutes a cause of action:

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding district court's analysis of plaintiff's § 1983 claims was "infirm" when district court "lump[ed]" together plaintiff's claims against multiple defendants—despite the fact that each of the defendants had

> different powers and duties and took different actions with respect to [plaintiff]"—and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement [of pleading personal participation by each defendant] will trigger swift and certain dismissal." *Id*. at 790 n.5. The Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

- **Inadequate Medical Treatment**

The ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . .if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

• **Official Capacity Claims**

Regarding § 1983 claims:

> Damage claims against state officials in their official capacity are deemed to be against the state entity the official represents and are therefore barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (Eleventh Amendment immunity is "in effect when State officials are sued for damages in their official capacity"); *Brandon v. Holt*, 469 U.S. 464, 471 (1985) ("[A] judgment against a public servant in his official capacity imposes liability on the entity that he represents . . . ." (quotations omitted)).

*Couser v. Gay*, 959 F.3d 1018, 1022-23 (10th Cir. 2020).

Regarding *Bivens* claims:

> "There is no such animal as a *Bivens* suit against a public official . . . in his or her official capacity. Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity . . . operates as a claim against the United

> States." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) (quoting *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)). And "[s]overeign immunity . . . shields the United States, its agencies, and its officers acting in their official capacity from suit." *Normandy Apartments, Ltd. v. U.S. Dep't of Hous.*, 554 F.3d 1290, 1295 (10th Cir. 2009).

*Watson* 741 F. App'x at 550–51.

• **Pretrial-Detainee Distinctions**

Conditions-of-confinement claims raised by pretrial detainees are assessed under the Fourteenth Amendment's Due Process Clause. *Sanders v. Hopkins*, 131 F.3d 152 (10th Cir. 1997) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Due Process Clause proscribes a pretrial detainee from exposure to conditions that "amount to punishment or otherwise violate the Constitution." *Bell*, 441 U.S. at 537. "If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment." *Id*. at 539. Without evidence that prison personnel meant to punish, a decision on whether the restriction is punitive or incidental to legitimate governmental purpose is based on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." *Stevenson v. Smith*, 980 F.2d 741 (10th Cir. 1992) (citing *Bell*, 441 U.S. at 538). Ensuring facility security and effectually administering a detention facility are valid goals that may support certain restrictions. *Bell*, 441 U.S. at 540.

• **Respondeat Superior – Supervisor Liability**

Plaintiff may not name an individual--like Matthew Harris, Brian Koehn, Rosie Rivera, Rob Ballard, Chad Jensen, Cache County clinical services director, BOP director, the warden or medical director of the federal prison in Victorville, California, or GEO care director--as

11

defendants based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Further,

> [t]o establish *Bivens* liability, [Plaintiff] must provide evidence that an individual directly and personally participated in the purported constitutional violation. *Pahls*, 718 F.3d at 1226. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676.

*Watson* 741 F. App'x at 551.

• **Standing**

Any allegations involving violative behavior against inmates or people, other than Plaintiff, are disregarded. Plaintiff lacks standing to bring claims on anyone else's behalf. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) ("As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.").

• **Unnecessary Rigor**

Regarding validly stating specific defendants' behavior has met the elements of an unnecessary-rigor cause of action:

> Article I, § 9 of the Utah Constitution states in part, "[p]ersons arrested or imprisoned shall not be treated with unnecessary rigor." Although this clause "closely approximates the language of the Eighth Amendment," it has no federal counterpart. *Dexter v. Bosko*, 2008 UT 29, 184 P.3d 592, 595. The Utah Supreme Court has had "few opportunities to interpret or apply the unnecessary rigor." *Id.* Nonetheless, the Utah Supreme Court has held that the unnecessary rigor clause "protects [prisoners and arrestees] against unnecessary abuse . . . that is 'needlessly harsh, degrading or

12

> dehumanizing.'" *Id. at 595* (quoting *Bott v. Deland*, 922 P.2d 732, 737 (Utah 1996)). To state a claim for a violation of the unnecessary rigor clause, the violation "must arise from 'treatment that is clearly excessive or deficient and unjustified, not merely the frustrations, inconveniences, and irritations that are common to prison life.'" *Id*. at 597 (quoting *Bott*, 922 P.2d at 741). When the claim of unnecessary rigor arises from an injury, a constitutional violation is made out only when the act complained of presented a substantial risk of serious injury for which there was no reasonable justification at the time. *Id*. (quoting *Bott*, 922 P.2d at 741). The conduct at issue, moreover, "must be more than negligent to be actionable." *Id.*
>
> In addition to these requirements, a plaintiff must also establish three elements to support an unnecessary rigor claim: (1) "A flagrant violation of his or her constitutional rights;" (2) "Existing remedies do not redress his or her injuries;" and, (3) "Equitable relief, such as an injunction, was and is wholly inadequate to protect the plaintiff's rights or redress his or her injuries." *Id*. at 597–98 (quoting *Spackman v. Bd. of Educ*., 2000 UT 87, 16 P.3d 533, 538-39 (Utah 2000)).
>
> . . . [However, Plaintiff's] § 1983 claims likely serve as existing remedies that redress his injuries[, mooting the need to also bring an unnecessary rigor claim].

*Asay v. Daggett County*, No. 2:18-CV-422, 2019 U.S. Dist. LEXIS 5794, at *18-20 (D. Utah Jan. 11, 2019).

- **Unconstitutional Policies and Practices**

Local governmental entities may not be held liable as defendants under § 1983 based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). But a plaintiff may state a claim for the liability of local-government entities under § 1983 by showing "(1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

## ORDER

**IT IS HEREBY ORDERED** that:

**(1)** Plaintiff's objections to the Court's Order requiring him to cure deficiencies in his Amended Complaint are **OVERRULED**. (ECF Nos. 33, 36, 45.)

**(2)** For the reasons cited in the Court's Order denying Plaintiff's first motion for appointed counsel, (ECF Nos. 3, 5), Plaintiff's second, third, fourth, and fifth motions for appointed counsel are **DENIED**. (ECF Nos. 34, 35, 40, 43.) The Court's prior Order stated, "if, after the case is screened, it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear *pro bono* on Plaintiff's behalf." (ECF No. 5.) This statement remains applicable; thus, no further prompting from Plaintiff is needed.

**(3)** Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted above by filing a single document entitled, "Second Amended Complaint," that does not refer to or include any other document. The Second Amended Complaint **MAY NOT** include claims outside or beyond what was already contained in the complaints originally filed here. This is the second and **FINAL** order allowing Plaintiff to cure deficiencies in his complaint. If a second amended complaint is filed, the Court will screen it for dismissal or an order effecting service upon valid defendants.

**(4)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if Plaintiff wishes to pursue an amended complaint.

**(5)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(6)** Plaintiff *shall not* try to serve the Second Amended Complaint on Defendants; instead, the Court will perform its screening function and determine itself whether the amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2022) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

**(7)** For the time being, the Court will accept one document from Plaintiff--the required Second Amended Complaint. Other than a motion for extension of time for good cause, any further filings not invited by the Court shall be returned to sender by the Clerk of Court.

DATED this 20th day of December, 2022.

BY THE COURT:

_____
JUDGE DAVID BARLOW
United States District Court