THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL A. BACON,<br><br>                      Plaintiffs,<br><br>v.<br><br>UNITED STATES MARSHALS SERV. et al.,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER FOR SERVICE OF PROCESS**<br><br>Case No. 2:21-cv-00633 DBB<br><br>District Judge David Barlow |

      As an inmate, Plaintiff filed this *pro se* civil suit, proceeding *in forma pauperis*, *see* 28 U.S.C.S. § 1915 (2023). Having now screened the Second Amended Complaint (SAC), (ECF No. 54), under its statutory review function,[1] the Court concludes that official service of process is warranted for Defendants. *See* 28 U.S.C.S. § 1915(d) (2023) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.").

      Under Federal Rule of Civil Procedure 4(c)(1), the Court requests waiver of service from the following defendants:

        Salt Lake County (SLC)
        SLC Sheriff Rosie Rivera
        SLC Clinical Services Director Rob Ballard
        SLC doctors (three John Does)

---

[1] The screening statute reads:
    (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C.S. § 1915A (2023).

>SLC nurses Tammy, Diane, Gail, Chanda, Brett, David, Pat, Dallas, Jessica
>Cache County (CC)
>CC Sheriff Chad Jensen
>CC Clinical Services Director Jane or John Doe
>Geo Care
>Geo Care Director
>United States Marshals Service
>former United States Marshal Matthew Harris.

(ECF No. 54.)

**IT IS ORDERED** that:

**(1)** The Clerk of Court shall mail:

(a) Notice of a Lawsuit and Request to Waive Service of a Summons, AO form 398; copies of Waiver of the Service of Summons, AO form 399; and copies of the Second Amended Complaint, (ECF No. 54), and this Order to--

(i) Salt Lake County defendants Salt Lake County, Rivera, Ballard, three individual John Doe doctors, nurses Tammy, Diane, Gail, Chanda, Brett, David, Pat, Dallas, and Jessica,[2] in care of:

---

[2] Counsel for SLC defendants identified by their full names must perform the limited discovery (using the SAC's dates and descriptions of not-fully-named defendants' alleged roles in unconstitutional activities) necessary to determine the full names of each defendant Plaintiff has been unable to completely name: three John Doe doctors, and nurses Tammy, Diane, Gail, Chanda, Brett, David, Pat, Dallas, and Jessica. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821-22, 832 (7th Cir. 2009) ("Because [Plaintiff] is a prisoner he may not be in a position to identify the proper defendants, or all of them, in his complaint. . . . We think it is the duty of the district court to assist him, within reason, to make the necessary investigation. . . . [Plaintiff] should have the opportunity to engage in limited discovery to ascertain the identities of these staff members, whose conduct he has explicitly described."); *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (stating, before dismissing unidentified defendant due to inability to permit service of process, district court should have helped incarcerated *pro se* litigant with inquiry into unknown defendant's identity when plaintiff provided numerous details like officer's surname, assigned unit, and date and location of incident; and district court "may pursue any course that it deems appropriate to a further inquiry into the identity" of the unknown defendant); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (deciding, when plaintiff described with sufficient clarity the head of the . . . jail, that plaintiff's "description was sufficiently clear to allow service of process on the 'Chief'"); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) ("Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity by other defendants named and served or permitted the plaintiff to identify the officer through discovery."); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[T]he plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."); *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) ("A district court is not required to act as an advocate for a *pro se* litigant; but when such a litigant has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a

>**Salt Lake County Sheriff's Office**
>**Ms. Carita Lucey**
>**2001 S. State Street, Suite S2700**
>**Salt Lake City, UT 84190.**

**(ii)** Cache County defendants Cache County, Jensen, and clinical services director Jane or John Doe,[3] in care of:

>**Cache County Civil**
>**Attention: Dulcie Bumpus**
>**1225 West 200 North**
>**Logan, UT 84321.**

**(iii)** Geo Care and Geo Care director,[4] in care of a qualified individual to be designated by Geo Care, **upon being contacted by the court clerk's office**.

**(iv)** United States Marshals Service (USMS) and former United States Marshal Matthew Harris, in care of a qualified individual to be designated by USMS, **upon being contacted by the court clerk's office**.

**(2)** Defendants are cautioned that Federal Rule of Civil Procedure 4 requires Defendants to cooperate in saving unnecessary costs of serving summons and complaint. Under Rule 4, if Defendants fail to waive service of summons, after being asked by the Court to do so on Plaintiff's behalf, Defendants must bear service costs unless good cause be shown for failing to sign and return the waiver form. If service is waived, this action will proceed as if Defendants

---

reasonable opportunity to determine the correct person or persons against whom the claim is asserted . . . ."). Once counsel has determined each of these defendants' full names, for each of those defendants, counsel must follow the service directions contained in this Order.

[3] Counsel for CC defendants identified by their full names must perform the limited discovery (using dates and descriptions of defendant's alleged role in unconstitutional activities) necessary to determine the full name of the defendant Plaintiff has been unable to name in full: clinical service director Jane or John Doe. Once counsel has determined this defendant's full name, counsel must follow the service directions contained in this Order.

[4] Counsel for the Geo Care defendant identified by its full name must perform the limited discovery (using dates and descriptions of defendant's alleged role in unconstitutional activities) necessary to determine the full name of the defendant Plaintiff has been unable to name in full: Geo Care director. Once counsel has determined this defendant's full name, counsel must follow the service directions contained in this Order.

had been served on the day the waiver is filed, except that Defendants need not file an answer until **60 days** from the date on which the waiver request was sent. *See* Fed. R. Civ. P. 4(d)(3). (This allows longer time to respond than would be required if formal service of summons is necessary.) Defendants must read the statement at the bottom of the waiver form that more completely describes the party's duties about waiver. If service is waived after the deadline given in the Notice of a Lawsuit and Request to Waive Service of a Summons, but before Defendants have been personally served, the Answer shall be due **60 days** from the date on which the request for waiver was sent or **20 days** from the date the waiver form is filed, whichever is later.

**(3)** For every Defendant for whom service has been ordered but for whom a waiver has not been executed, attorneys for the entity at which service was tried for that defendant must file a notice listing the defendant for whom service has not been waived and the reasons a waiver has not been provided. This report is due **30 days** from the date the Request was sent.

**(4)** Defendants shall answer the SAC, observing the Federal Rules of Civil Procedure and the following litigation schedule:

**(a)** If Defendants assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

**(i)** within **60 days** of date of waiver request, file an answer;

**(ii)** within **90 days** of filing an answer, prepare and file a *Martinez* report[5] limited to the exhaustion issue; and,

---

[5] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of

    **(iii)** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

**(b)** If Defendants challenge the complaint's bare allegations, Defendants shall, within **60 days** of date of waiver request, file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

**(c)** If Defendants choose not to rely on an exhaustion defense and wants to pierce the complaint's allegations, Defendants must,

    **(i)** within **60 days** of date of waiver request, file an answer;

    **(ii)** within **90 days** of filing an answer, prepare and file a *Martinez* report addressing the complaint's substance; and,

    **(iii)** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

**(d)** If Defendants want to seek relief otherwise contemplated under procedural rules, Defendants must file an appropriate motion within **90 days** of filing an answer.

**(5)** Plaintiff must, within **30 days** of its filing, respond to *Martinez* report, including a request for other discovery desired.

**(6)** Plaintiff must, within **30 days** of its filing, respond to motion to dismiss or summary-judgment motion. For Plaintiff's information and convenience, the Court has attached the procedural rules governing summary-judgment practice.

**(7)** Defendants shall file reply brief within **14 days** after the date Plaintiff's opposition is filed.

---

the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

**(8)** A motion to dismiss or for summary judgment shall be deemed submitted as of the date the reply brief is due. No hearing will be held on a motion unless the Court so orders at a later date.

**(9)** Plaintiff's motion for court order is **DENIED**. (ECF No. 59.) All Plaintiff's allegations in this motion regard his current conditions of confinement in a Virginia federal prison. Federal statute provides that a civil case may be filed in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C.S. § 1391(b) (2023). It appears that Plaintiff must file any federal claims based on this motion's allegations in the United States District Court for the Western District of Virginia.

DATED this 3rd day of January 2023.

BY THE COURT:

JUDGE DAVID BARLOW
United States District Court

**Fed Rule of Civil Procedure 56**

Summary Judgment

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
**(c) Procedures.**
  **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
    **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
  **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
  **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
  **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
  **(1)** defer considering the motion or deny it;
  **(2)** allow time to obtain affidavits or declarations or to take discovery; or
  **(3)** issue any other appropriate order.
**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
  **(1)** give an opportunity to properly support or address the fact;
  **(2)** consider the fact undisputed for purposes of the motion;
  **(3)** grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
  **(4)** issue any other appropriate order.
**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
  **(1)** grant summary judgment for a nonmovant;
  **(2)** grant the motion on grounds not raised by a party; or
  **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.
**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.
**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

DISTRICT OF UTAH LOCAL CIVIL RULE 56-1

*SUMMARY JUDGMENT: MOTIONS AND SUPPORTING MEMORANDA*

**(a) Summary Judgment Motions and Memoranda.**
A motion for summary judgment and the supporting memorandum must clearly identify itself in the case caption and introduction.
**(b) Motion; Requirements and Supporting Evidence.**
A motion for summary judgment must include the following sections and be supported by an Appendix of Evidence as follows:
    **(1)** Introduction and Relief Sought: A concise statement of each claim or defense for which summary judgment is sought, along with a clear statement of the relief requested. The parties should endeavor to address all summary judgment issues in a single motion. If a party files more than one motion, the court may strike the motion and that require the motions be consolidated into a single motion.
    **(2)** Background (Optional): Parties may opt to include this section to provide background and context for the case, dispute, and motion. If included, this section should be placed between the Relief Sought section and the Statement of Undisputed Material Facts section. Factual summaries in the background section need not be limited to undisputed facts and need not cite to evidentiary support.
    **(3)** Statement of Undisputed Material Facts: A concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law. Only those facts necessary to decide the motion should be included in this section. The moving party must cite with particularity the evidence in the Appendix of Evidence that supports each factual assertion.
    **(4)** Argument: An explanation for each claim or defense, of why, under the applicable legal principles, the moving party is entitled to judgment as a matter of law. The arguments should include a statement of each claim or defense on which the party is seeking summary judgment and supporting authorities. Any factual citations must cite to the Appendix of Evidence, not the Statement of Undisputed Material Facts.
    **(5)** Appendix of Evidence: All evidence offered in support of the motion must be submitted in an attached appendix. The appendix should be proceded by a captioned cover-page index that lists each exhibit by number, includes a description or title, and if the exhibit is a document, identifies the source of the document. The appendix should include complete copies of all exhibits, including complete copies of depositions, to the extent possible. In cases where lengthy depositions are relied upon, the moving party need not submit the entire deposition. However, the moving party must submit at least four (4) pages before and four (4) pages after the cited depostition transcript pages(s), for a total of at least nine (9).
**(c) Opposition Memorandum Requirements and Supporting Evidence.**
A memorandum in opposition to a motion for summary judgment must include the following sections and, if applicable, be supported by an Appendix of Evidence as follows:
    **(1)** Introduction: A concise summary explaining why summary judgment should be denied.
    **(2)** Background (Optional): Parties may opt to include this section to provide background and context for the case, dispute, and motion. If included, this section should be placed between the Introduction section and the Response to Statement of Undisputed Material Facts section. Factual summaries in the background
section need not be limited to undisputed facts and need not cite to evidentiary support.
    **(3)** Response to Statement of Undisputed Material Facts: A restatement of each fact the opposing party contends is genuinely disputed or immaterial, a concise statement explaining why the fact is disputed or immaterial, and a citation with particularity to the evidence upon which the non-moving party relies to refute that fact **8**. Any factual citations must reference the appropriate party's Appendix of Evidence, rather than either party's factual statements or responses. The nonmoving party should not

restate all of the moving party's statement of facts and should only respond to those facts for which there is a genuine dispute of material fact.

       **(4)** Statement of Additional Material Facts (if applicable): If additional material facts are relevant to show that there is a genuine dispute of material fact, state each such fact and cite with particularity the evidence that supports the factual assertion from the appropriate party's Appendix of Evidence.

       **(5)** Argument: An explanation for each claim or defense of why, under the applicable legal principles, summary judgment should be denied. Any factual citations must cite to the appropriate party's Appendix of Evidence, rather than either party's factual statements or responses.

       **(6)** Appendix of Evidence: All evidence offered in opposition to the motion must be submitted in an appendix, utilizing the same procedure set out in DUCivR 56-1(b)(5). Counsel must make every effort not to duplicate evidence submitted by the other party. The appendix should be preceded by a cover page index that lists each exhibit by number, includes a description or title and, if the exhibit is a document, identifies the source of the document.

**(d) Reply**.
The moving party may file a reply memorandum. In the reply, a moving party may cite only additional evidence not previously cited in the opening memorandum to rebut a claim that a material fact is in dispute. Otherwise, no additional evidence may be cited in the reply memorandum, and if cited, the court will disregard it.

**(e) Citations of Supplemental Authority.**
When pertinent and significant authorities come to the attention of a party after the party's memorandum in support of or in opposition to a summary judgment motion has been filed, or after oral argument but before decision, a party may promptly file a notice with the court and serve a copy on all counsel, setting forth the citations. There must be a reference either to the page of the memorandum or to a point argued orally to which the citations pertain, but the notice must state, without argument, the reasons for the supplemental citations. Any response must be made, filed promptly, and be similarly limited.

**(f) Failure to Respond.**
Failure to respond timely to a motion for summary judgment may result in the court's granting the motion without further notice, provided the moving party has established that it is entitled to judgment as a matter of law.

**(g) Length of Memoranda and Filing Times.**
(1) A motion for summary judgment and a memorandum in opposition must not exceed 10,000 words, or in the alternative, forty (40) pages. A reply brief cannot exceed 5,000 words, or in the alternative, twenty (20) pages. If the document exceeds the page limit, then the party must certify compliance with the word-count limit. This limitation includes the following items: introduction, relief sought, background, statement of undisputed material facts, response to statement of undisputed material facts, statement of additional material facts, argument, and conclusion. This limitation excludes the following items: face sheet, table of contents, table of authorities, signature block, certificate of service, and appendix. Motions to file an overlength brief are discouraged and will be granted only upon a showing of good cause and exceptional circumstances, as set forth in DUCivR 7-1(e).

(2) Filing times and length of memoranda are governed by DUCivR 7-1.